IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

**CHARLES EDWARD BROWN,**

    Plaintiff,

v.                                   Case No. 2:11-cv-00417

**DAVID BALLARD, Warden, and
TIM WHITTINGTON, Associate
Warden of Operations,**

    Defendants.

## PROPOSED FINDINGS AND RECOMMENDATION

On June 15, 2011, the plaintiff, an inmate at Mount Olive Correctional Complex ("MOCC"), filed a Complaint, alleging that he has not been permitted to purchase properly fitting, comfortable shoes (Complaint, ECF No. 2, at 5). This matter is assigned to the Honorable Joseph R. Goodwin, Chief United States District Judge, and it is referred to the undersigned for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

## STANDARD OF REVIEW

Pursuant to the provisions of 28 U.S.C. § 1915A, the court screens each case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. On review, the court must dismiss the case if the complaint is frivolous, malicious, fails to state a claim upon

which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.  In <u>Bell Atlantic Corp v. Twombly</u>, 550 U.S. 544, 570 (2007), the Supreme Court observed that a case should be dismissed for failure to state a claim upon which relief can be granted if, viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the plaintiff, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." While the complaint need not assert "detailed factual allegations," it must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action."  <u>Id.</u> at 555.

The Supreme Court further explained its holding in <u>Twombly</u> in <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937 (2009), a civil rights case. The Court wrote:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. [*Twombly*, 550 U.S.] at 555, 127 S. Ct. 1955 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted). Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.*, at 556. * * *
>
> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying

2

>pleadings that, because they are no more than
>conclusions, are not entitled to the assumption of truth.
>While legal conclusions can provide the framework of a
>complaint, they must be supported by factual allegations.
>When there are well-pleaded factual allegations, a court
>should assume their veracity and then determine whether
>they plausibly give rise to an entitlement to relief.

129 S. Ct. at 1949-50.[1]

## PLAINTIFF'S ALLEGATIONS

The Complaint states as follows [spelling corrected]:

>Despite current policy on personal property and inmate
>possessions, Warden Ballard states personal property is
>a privilege, including shoes in which they do not supply
>and commissary does not sell in my size and Warden
>Ballard and Tim Whittington state we as inmates must
>purchase these items from commissary despite WV DOC
>policy which states otherwise. "Property of any kind is
>a privilege." Warden Ballard, May 10th, 2011. Per Memo
>Aug. 7, 2007 from Deputy Commissioner, "if Keefe carries
>the item of purchase we will order from Keefe, if they do
>not carry item then it can be purchased through
>authorized catalogs. (Response from grievance submitted
>4/3/2010 from Warden Ballard.) Special package request
>sent 7/31/2010 Tim Whittington "Keefe does carry that
>size shoe." Keefe does not sell a 3E width shoe. I have
>18" stainless steel plate in right leg ending at right
>ankle. I need properly fitting comfortable shoes.

(Complaint, ECF No. 1, at 4-5.) The plaintiff seeks the following

relief:

>Stop the abuse of power and digression that is being done
>here at MOCC. Make staff of MOCC follow policy that is
>written from Legislative Committee and handed down.
>Afford me the opportunity to purchase properly fitting

---

[1] Because service of process has not occurred, a motion to dismiss has not been filed in this case. Such a motion, filed pursuant to Rule 12(b)(6), *Fed. R. Civ. P.*, asserts that the complaint fails "to state a claim upon which relief can be granted," which is the same standard set forth in 28 U.S.C. § 1915A.

> shoes which are not provided to me by the State. (Shoes: tennis shoes & boots) Reinburse me the filing fee of 350.00 Last but not least, let the Administration here know that I am a human being and bar behavioral issues would like to be treated like one and have rights as a human in today's world.

Id. at 5-6.

## ANALYSIS

In Farmer v. Brennan, 511 U.S. 825, 832 (1994), the Supreme Court held that the Eighth Amendment to the Constitution "imposes duties on [prison] officials who must provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" This is a low standard. The Supreme Court emphasized that "[p]rison conditions may be 'restrictive and even harsh.'" Id., at 833.

Moreover, to sustain an Eighth Amendment claim, a prisoner must show two things: (1) "the deprivation must be, objectively, 'sufficiently serious;'" that is, "denial of 'the minimal civilized measure of life's necessities;'" and (2) the prison official had a "'sufficiently culpable state of mind;'" that is, "'deliberate indifference' to inmate health or safety." Id., at 834. (Citations omitted.) The Supreme Court rejected an argument that an objective test of deliberate indifference be established.

> We hold instead that a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of

>   facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

Id., at 837.

The holding in Farmer v. Brennan establishes that the plaintiff has failed to state a claim upon which relief can be granted. It is not clear what Constitutional right is claimed to have been violated by the defendants. On page 6 of his Complaint, the plaintiff writes that he does not "have the income to afford a lawyer on Due Process Claim." The plaintiff has failed to show that he has a due process right to purchase shoes or that he has suffered "a serious deprivation of a basic human need [and] deliberate indifference to prison conditions on the part of prison officials." Strickler v. Waters, 989 F.2d 1375, 1379 (4th Cir. 1993). Moreover, the plaintiff has failed to allege that he suffered any serious or significant injury resulting from the denial of his shoe order. Strickler requires a showing of significant injury. 989 F.2D at 1381. Accordingly, the undersigned proposes that the presiding District Judge **FIND** that the plaintiff has failed to state a claim upon which relief can be granted.

It is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** with prejudice the plaintiff's Complaint under 28 U.S.C. § 1915A, and **DENY** his Application to Proceed without Prepayment of Fees and Costs (ECF No. 1).

The plaintiff is notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to

the Honorable Joseph R. Goodwin, Chief United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the plaintiff shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this "Proposed Findings and Recommendation" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendation" to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of <u>de novo</u> review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. <u>Snyder v. Ridenour</u>, 889 F.2d 1363 (4th Cir. 1989); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the presiding District Judge.

The Clerk is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to the plaintiff.

<u>June 24, 2011</u>
    Date

*Mary E. Stanley*
Mary E. Stanley
United States Magistrate Judge