IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

CHARLES EDWARD BROWN,

           Plaintiff,

v.                                    CIVIL ACTION NO. 2:11-cv-00417

DAVID BALLARD, et al.,

           Defendants.

**MEMORANDUM OPINION & ORDER**

**I.    Introduction**

This action was referred to the Honorable Mary E. Stanley, United States Magistrate Judge, for submission to this court of proposed findings of fact and recommendations for disposition ("PF&R"), pursuant to 28 U.S.C. § 636(b)(1)(B). The Magistrate Judge has submitted findings of fact and has recommended that pursuant to 28 U.S.C. § 1951A the court **DISMISS** the plaintiff's complaint with prejudice for failure to state a claim upon which relief may be granted. The plaintiff filed timely objections (Objection to Dismiss ("Objection") [Docket 6]) to the PF&R.

The court has reviewed *de novo* those portions of the PF&R to which the plaintiff objects and, for the reasons explained below, **FINDS** that the plaintiff's objections lack merit. Accordingly, the court overrules the plaintiff's objections, **FINDS** that the plaintiff has failed to state a claim upon which relief can be granted, **ADOPTS** and incorporates the Magistrate Judge's finding, **DISMISSES with prejudice** the plaintiff's complaint, and **DENIES** the plaintiff's Application to Proceed without Prepayment of Fees and Costs.

## II.     Background

The factual background for this case was adequately set forth in the PF&R, and requires only a brief summary here.

The paragraphs of the plaintiff's complaint relating to his claim are as follows [spelling corrected]:

> Despite current policy on personal property and inmate possessions, Warden Ballard states personal property is a privilege, including shoes in which they do not supply and commissary does not sell in my size and Warden Ballard and Tim Whittington state we as inmates must purchase these items from commissary despite WV DOC policy which states otherwise. "Property of any kind is a privilege." Warden Ballard, May 10th, 2011. Per Memo Aug. 7, 2007 from Deputy Commissioner, "if Keefe, carries the item of purchase we will order from Keefe, if they do not carry item then it can be purchased through authorized catalogs. (Response from grievances submitted 4/3/2010 from Warden Ballard.) Special package request sent 7/31/2010 Tim Whittington "Keefe does not carry that size shoe." Keefe does not sell a 3E width shoe. I have 18" stainless steel plate in right leg ending at right ankle. I need properly fitting comfortable shoes.

(Compl. at 4-5). The plaintiff seeks the following relief [spelling corrected]:

> Stop the abuse of power and discretion that is being that is being done here at MOCC. Make staff of MOCC follow policy that is written from Legislative Committee and handed down. Afford me the opportunity to purchase properly fitting shoes which are not provided to me by the State. (Shoes: tennis shoes & boots) Reimburse me the filing fee of $350.00. Last but not least, let the Administration here know that I am a human being and bar behavioral issues would like to be treated like one and have rights as a human in today's world.

(Id. at 5-6.)

## II.     Standard of Review

### a.     *Magistrate Judge's Recommendations*

When a Magistrate Judge issues a recommendation on a dispositive matter, the court reviews *de novo* those portions of the Magistrate Judge's report to which specific objections are filed. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). When a party files an objection that is too general

or conclusory to focus attention on any specific error supposedly committed by the Magistrate Judge, the court need not conduct a *de novo* review. *See Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). This court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn,* 474 U.S. 140, 150 (1985). The court will consider the fact that Plaintiff is acting pro se, and his pleadings will be accorded liberal construction. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978).

   *b.*  *28 U.S.C. § 1915A*

   Pursuant to the provisions of 28 U.S.C. § 1915A, the court screens each case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. On review, the court must dismiss the case if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.

   The standard set forth under 28 U.S.C. § 1915A is the same as the standard for dismissal for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). Federal Rule of Civil Procedure 8 requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8. As the Supreme Court reiterated in *Ashcroft v. Iqbal*, that standard "does not require 'detailed factual allegations' but 'it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.'" 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief'

requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986) for the proposition that "on a motion to dismiss, courts 'are not bound to accept as true a legal conclusion couched as a factual allegation'"). A court cannot accept as true legal conclusions in a complaint that merely recite the elements of a cause of action supported by conclusory statements. *Iqbal*, 129 S. Ct. at 1949-50. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 1949 (quoting *Twombly*, 550 U.S. at 570). To achieve facial plausibility, the plaintiff must plead facts that allow the court to draw the reasonable inference that the defendant is liable, and those facts must be more than merely consistent with the defendant's liability to raise the claim from merely possible to probable. *Id.*

In determining whether a plausible claim exists, the court must undertake a context-specific inquiry, "[b]ut where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 1950 (quoting Fed. R. Civ. P. 8(a)(2)). A complaint must contain enough facts to "nudge[] [a] claim across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

**III.    Discussion**

The Magistrate Judge recommends that this court dismiss with prejudice the plaintiff's complaint for failure to state a claim for which relief may be granted pursuant to 28 U.S.C. § 1951A, and deny the plaintiff's Application to Proceed without Prepayment of Fees and Costs.

The Magistrate Judge found that the plaintiff has failed to show that he has a due process right to purchase shoes, or that he suffered "a serious deprivation of a basic human need [and] deliberate indifference to prison conditions on the part of prison officials." (PF&R, at 5 (citing *Strickler v. Waters*, 989 F.2d 1375, 1379 (4th Cir. 1993.)) Further, the Magistrate Judge found that the plaintiff has failed to allege in his complaint that he has suffered a serious or significant injury as a result of the denial of his request to purchase shoes. The plaintiff objects, and argues that an affirmative exercise of state power which denies him basic human needs constitutes a violation of the Eighth Amendment's prohibition of cruel and unusual punishment. (Objection, at 1.) Construing his objections liberally, the plaintiff objects to the Magistrate Judge's finding that the alleged denial to provide him with the shoes he requests constitutes a violation of the Eighth Amendment. Accordingly, the court will review *de novo* that portion of the PF&R.

In *Farmer v. Brennan*, 511 U.S. 825, 832 (1994), the United State Supreme Court stated that the Eighth Amendment imposes a duty on prison officials to provide "adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" *Id.* at 832 (*quoting Hudson v. Palmer*, 468 U.S. 517, 526-527 (1984).) The United States Constitution, however, does not require that imprisonment be made comfortable. *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). Conditions in prison may be "restrictive or even harsh." *Id.* at 347. Although the Eighth Amendment does prohibit the exercise of "cruel and unusual punishments," it does not prohibit cruel and unusual prison conditions. *Strickler v. Waters*, 989 F.2d 1375, 1381 (4th Cir. 1993). Further, if a prisoner has "not suffered serious or significant physical or mental injury as a result of the challenged condition, he has simply not been subjected to cruel and unusual punishment within the meaning of the Amendment." *Strickler*, 989 F.2d at 1381.

In order for a plaintiff to make a *prima facie* case that his conditions of imprisonment constitute a violation of the Eighth Amendment, he must show that (1) "the deprivation [is] objectively, sufficiently serious;" that is, "denial of the minimal civilized measure of life's necessities;" and (2) the prison official had a "sufficiently culpable state of mind;" that is, "deliberate indifference to inmate health or safety." *Farmer*, 511 U.S. at 834 (internal citations and quotation marks omitted). The Supreme Court has declined to establish an objective test for "deliberate indifference," rather the Court has stated that a subjective recklessness standard, similar to the standard applied in criminal law, is appropriate. *Id.* at 839-840. Accordingly, a finding of deliberate indifference requires a showing that the defendant was subjectively aware of the risk. *Id.* at 829. The requirement that there be a culpable mental state follows from the principle that "only the unnecessary and wanton infliction of pain implicates the Eighth Amendment." *Wilson v. Seiter*, 501 U.S. 294, 297, (1991).

The plaintiff has not alleged any cognizable due process claim, nor has he alleged that he has suffered a "sufficiently serious" deprivation, but rather that he was denied the right to purchase "properly fitting comfortable shoes." (Compl., at 5.) The plaintiff has not alleged, in his complaint or objections, that he does not currently possess any shoes. He has also failed to allege the requisite mental state of "deliberate indifference" on the part of the defendants.

In his objections to the PF&R, the plaintiff cites W. Va. Code §§ 31-20-3, 31-20-26, 25-1-5, 25-1-3, 25-1-4, and 25-1-11(a), to outline the organizational hierarchy and governance structure of the West Virginia Regional Jail and Correctional Authority. The plaintiff argues that those statutes mandate the prison warden's duty to provide clothing to inmates. (Objection, at 2-3.) The plaintiff's reliance on these statutory provisions is misplaced, however, because these provisions do not bear

on the plaintiff's claim under the Eighth Amendment. Even construing his objections liberally, these objections fail to remedy the fact that the plaintiff has alleged no cognizable claim under the Eight Amendment. Accordingly, the plaintiff's objections have no merit and are overruled.

**IV.    Conclusion**

For the foregoing reasons, the court overrules the plaintiff's objections and **FINDS** that the plaintiff has failed to state a claim upon which relief can be granted, **ADOPTS** and incorporates the Magistrate Judge's finding, **DISMISSES with prejudice** the plaintiff's complaint, and **DENIES** the plaintiff's Application to Proceed without Prepayment of Fees and Costs.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:    July 29, 2011

Joseph R. Goodwin, Chief Judge